**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4197

DOUGLAS T. WRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Charles E. Simons, Jr., Senior District Judge.
(CR-93-356)

Submitted: March 10, 1998

Decided: May 12, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Landon D. Long, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Dean
A. Eichelberger, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Douglas T. Wright appeals his conviction and sentence for wire fraud in violation of 18 U.S.C. § 1343 (1994), and conspiracy in violation of 18 U.S.C. § 371 (1994). Finding no error, we affirm Appellant's conviction and sentence.

I.

The Government's evidence at trial showed that Wright and co-defendant Yuji Hitomi ("Defendants"), along with co-conspirator Motokichi Muto, attempted to obtain millions of dollars in financing using a fraudulent Japanese reconstruction bond ("Certificate"). Defendants represented that the Certificate had been issued by the ministry of finance of Japan as part of its reconstruction efforts after World War II. The Certificate, if real, would have had a value of approximately $500 million when it matured in 1998.

The FBI began investigating Defendants in July 1993. Wright and an FBI informant conducted a series of transactions between July and September 1993, which eventually culminated in Wright, Hitomi, and Muto flying to South Carolina to consummate the sale of the Certificate. Undercover FBI agents posing as investors met with Wright, Hitomi, and Muto in a hotel room. The agents brought with them contract documentation, including a purchase and sale agreement. Both Defendants signed the agreement. No attorneys were present at the meeting, nor did the Defendants at any time request that they be allowed to have attorneys look over the documents.

During the negotiating session, the agents told Defendants that they had checked with a bank that morning and been advised that the Certificate was fraudulent, and that no bank should accept it as collateral. One of the agents then said that he would try to obtain financing from

2

a small bank that might not be aware of the problem with the certificate, and Defendants acquiesced. Wright agreed to accept $25 million for the Certificate, just five percent of the certificate's face value of $500 million. After finalizing the agreement, Defendants were arrested.

Over the objection of Defendants, the district court gave a willful blindness charge to the jury. That charge stated in pertinent part:

> If you find beyond a reasonable doubt that these defendants were aware of a high probability that the Japanese bond was fraudulent, and that they deliberately avoided learning the truth, the element of knowledge may be inferred if defendants Hitomi and Wright deliberately closed their eyes to what would otherwise have been obvious to them or any reasonable person under the circumstances then and there existing. You may not find that the defendants Hitomi and Wright acted knowingly, however, if you find that the defendants, Hitomi and Wright, actually believed in good faith that the bond in question was not fraudulent. A showing of negligence, mistake or carelessness is not sufficient to support a finding of knowledge.

At sentencing, Defendants argued that their total offense level should be reduced by three levels under U.S. Sentencing Guidelines Manual § 2X1.1 (1995), on the ground that the offense was only partially completed. The district court rejected this argument, finding that Defendants had done all of the acts they believed necessary for the successful completion of the offense, and thus that a three level reduction under § 2X1.1 was not warranted. Wright timely appealed.

On appeal, Wright contends that the evidence did not support a willful blindness jury instruction. Wright also maintains that the district court should have reduced his offense level under § 2X1.1.

II.

This court reviews the decision of whether or not to give a particular jury instruction for abuse of discretion. See United States v.

3

Whittington, 26 F.3d 456, 462 (4th Cir. 1994). In this case, there was sufficient evidence from which the jury could infer that Wright deliberately avoided learning that the Certificate was fraudulent; thus, the district court did not abuse its discretion by giving a willful blindness jury instruction.

One of Wright's attempts to obtain a loan against the $500 million Certificate took place in a dilapidated office building in a run-down area of New York City. Additionally, Wright claimed to have relied on Muto's integrity in believing the Certificate was valid, but in a previous transaction, Muto had given Wright an invalid $150,000 promissory note. Wright also signed the purchase and sale agreement prepared by the undercover agents, which stated that he had made every effort, including verification with the Japanese government, to ensure the Certificate was authentic. However, Wright did not attempt to verify the Certificate's authenticity. Wright was also advised by a congressman friend that the Certificate was worthless. Perhaps most significantly, a potential investor researched the Certificate with Japanese banks and advised Wright that the Certificate had never been issued by the Japanese Ministry of Finance, and was non-negotiable. Thus, there was sufficient evidence presented from which a jury could infer that if Wright did not know the certificate was fraudulent, he deliberately shut his eyes to that fact. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3794 (U.S. May 28, 1996) (No. 95-8821); Whittington, 26 F.3d at 462-63. The form of the instruction was likewise proper. See United States v. Guay, 108 F.3d 545, 551 (4th Cir. 1997).

III.

At sentencing, Wright requested that his offense level be reduced by three levels under USSG 2X1.1, incorporated into USSG § 2F1.1 by comment. (n. 9). That section provides for a three level reduction when an offense involves an attempt, unless "the defendant has completed all the acts the defendant believed necessary for successful completion of the substantive offense."

The district court determined that Defendants had completed all the acts they believed necessary for the successful completion of the underlying fraud, and thus that the three level reduction under

4

§ 2X1.1 was not warranted. The district court's determination that Defendants had done all of the acts they believed necessary for the completion of the fraud is a factual one, which this court reviews for clear error. See United States v. Barton, 32 F.3d 61, 64 (4th Cir. 1994); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

Defendants and Muto came to South Carolina following negotiations between Wright and Stycos, bringing with them the original Certificate. After negotiating with the undercover agents, Defendants agreed to accept $25 million for the Certificate, signed the purchase and sale agreement, and were prepared to deliver the Certificate to the undercover agents. The district court did not clearly err in finding that Defendants had done all they believed necessary to complete the underlying fraud, and in refusing to apply the reduction under § 2X1.1. See Barton, 32 F.3d at 64; see also United States v. Studevent, 116 F.3d 1559, 1564 (D.C. Cir. 1997); United States v. Knox, 112 F.3d 802, 813 (5th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3399 (U.S. Dec. 8, 1997) (No. 97-6690).

Accordingly, we affirm Wright's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5